ACCEPTED
12-14-00314-CR; 12-14-00315-CR; 12-14-316-CR; 12-14-00317-CR; 12-14-00318-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/29/2015 2:54:18 PM
CATHY LUSK
CLERK

ORAL ARGUMENT NOT REQUESTED

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/29/2015 2:54:18 PM
CATHY S. LUSK
Clerk

NO. 12-14-00314-CR; 12-14-00315-CR; 12-14-00316-CR;
12-14-00317-CR; 12-14-00318-CR

FILED
July 29, 2015
Twelfth Court of Appeals
Cathy Lusk
Clerk

IN THE

TWELFTH COURT OF APPEALS

AT TYLER, TEXAS

DANIEL WAYNE MCLEMORE,
Appellant,

VS.

THE STATE OF TEXAS,
Appellee

APPEAL FROM THE

402ND DISTRICT COURT OF WOOD COUNTY, TEXAS

APPELLEE'S BRIEF

1

## IDENTITY OF THE PARTIES AND COUNSEL

Appellee
Attorney Pro Tem for the State of Texas
Thomas J. Burton
1843 N. FM 14
Quitman, Texas 75783
903-781-2201

Appellant
Daniel Wayne McLemore
TDCJ#01965778
Dolph Briscoe Unit
1459 W. Hwy. 85
Dilley, Texas 78017

Appellant's Attorney
Wm. Btrandon Baade
522 N. Broadway
Tylter, Texas 75702

# TABLE OF CONTENTS

|                                    | Page No. |
|------------------------------------|----------|
| Identify of Parties and Counsel    | 2        |
| Table of Contents                  | 3        |
| Index of Authorities               | 4        |
| Summary of the Argument            | 5        |
| Argument                           | 5-8      |

# INDEX OF AUTHORITIES

Page

*Estrada v. State*, 334 S.W.3d 57, (App.5 2009)                6

*Asberry v. State*, 813 S.W.2d 526 (App 5 1991)               6

*Woods v. State*, 398 S.W.3d 396 (App 6 2013)               5

*Jackson v. State*, 288 S.W.3d 60 (App 1 2009)               5

*Cobb v. State*, 95 S.W.3d 664 (App 1 2002)               5 ,6

*Aguierre v. State*, 732 S.W.2d 320 (Tex.Crim.App. 1982)               6

*Easterlng v. State*, 710 S.W.2d 569 (Tex.Crim.App. 1986)               7

## SUMMARY OF THE ARGUMENT

Appellant's Brief alleges that the Judgment of Conviction in Cause No. 22,003-2013 should be reformed to reflect that Daniel Wayne McLemore pled guilty to Deadly Conduct and not Aggravated Assault Against a Public Servant, and the deadly weapon finding should be removed. Further, Appellant alleges that the Judgment of Conviction in Cause No. 22,005-2013 should be reformed to reflect that Daniel Wayne McLemore pled guilty to Deadly Conduct and not Aggravated Assault Against a Public Servant, and the deadly weapon finding should be removed.

## ARGUMENT

Clearly this court has authority to modify the judgments referred to above and confirm them as modified. Rule 43.2 of the Rules of Appellate Procedure specifically provides this tool. Case law in Texas is extensive in confirmation of this option. In the case of *Jackson v. State*, 288 S.W.3d 60 (App 1 2009), the appellant was charged with aggravated assault against a public servant. He was found guilty of the lesser included offense of aggravated assault. The judgment of conviction in that case erroneously stated that he was convicted of aggravated assault against a public servant. The appellate court modified the judgment of the trial court to reflect the proper offense and degree for which the appellant had been convicted. Such trial court judgment was affirmed as reformed. It its opinion the court, relying on a number of cases cited as precedent, reiterated the long standing rule that an appellate court has the power to correct and reform a trial court judgment to make the record speak the truth when it has the necessary data and information to do so. This reasoning has been consistently followed by Texas courts, and in fact a number of cases indicate that an appellate court may act sua sponte to correct a trial court's judgment of

5

conviction. See *Woods v. State*, 398 S.W.2d 396 (App 6 2013) and *Cobb v. State*, 95 S.W.3d 664 (App 1 2002). Specifically in Cobb the court said that an appellate court has both the power to correct and reform a trial court judgment to include a deadly weapon finding or delete a deadly weapon finding.

Appellant also seeks to correct the judgments referred to above which contain a deadly weapon finding. Texas cases have consistently allowed modifications of the trial court judgment of conviction where the judgment contains erroneous findings such as use of a deadly weapon or family violence. In *Estrada v. State*, 334 S.W.3d 57 (App 5 2009), the trial court judgment of conviction included a finding a family violence. In Estrada, the record did not contain any allegation of family violence, the State did not request an affirmative finding of family violence, and there was no finding of family violence either by the jury or the trial court. The appellate court concluded that the affirmative finding of family violence reflected in the trial court's written judgment was a clerical error. In reaching its conclusion the court reiterated the rule that it had the power to modify an incorrect judgment to make the record speak the truth. The trial court's judgment of conviction was modified and affirmed as corrected.

In *State v. Asberry*, 813 S.W.2d 526 (App 5 1991) the appellate court was presented a request by the State in a crosspoint to modify the judgment of conviction to include a deadly weapon finding. The trial court's judgment of conviction omitted this finding by mistake. The appellate court followed the well established line of authority authorizing it to correct and reform the trial court's erroneous judgment. The court further added that where a judgment improperly reflects the findings of the jury, the proper remedy is the reformation of the judgment. Citing *Aguierre v. State*, 732 S.W.2d 320 (Tex.Crim.App. 1982). In fact the court further indicated

6

there is authority in a number of cases that there is a mandatory duty to correct the judgment.

The case at hand is similar to Asberry, but different in that Appellant in this case seeks to have the deadly weapon findings deleted from the trial court's judgments of conviction. Case law is clear and consistent that where an affirmative finding has been improperly entered in the judgment, appellate court may reform the judgment by deleting the finding. See, e.g. *Easterling v. State*, 710 S.W.2d 569 (Tex.Crim.App.1986), cert. denied, 479 U.S. 848.

As set forth in Appellant's Brief, the issue presented in this appeal is whether the Judgments of Conviction in Cause Nos. 22,003-2013 and 22,005-2013 are correct as to the offenses for which Appellant was convicted, and as to a Deadly Weapon finding in each case.

Appellee does not take issue with the factual allegations contained in Appellant's Statement of Facts set forth on pages 4 through 6 of his brief. Appellant does not allege that the judgments of conviction in Cause Nos. 22,001-2013 (Attempted Capital Murder of a Peace Officer or a Fireman, 22,002-2013 (Attempted Capital Murder of a Peace Officer of a Fireman), or 22,004-2013 (Aggravated Assault with a Deadly Weapon), are incorrect in any way. Therefore this brief addresses only the issues addressed by Appellant relating to Cause Nos. 22-003-2013 and 22,005-2013.

## CONCLUSION

Appellee concedes that the judgments in Cause Nos. 22,003-2013 and 22,005-2013 incorrectly recite that they are convictions for Aggravated Assault Against a Public Servant. Both of said judgments should be for Deadly Conduct. With respect to the Deadly Weapon finding contained in each judgment of conviction, Appellee concedes that neither of said judgments of conviction should contain a deadly weapon finding. It is readily apparent from a

7

review of the record that in each case cited, the Appellant plead not guilty to Aggravated Assault Against a Public Servant, but guilty to the leaser included offense of Deadly Conduct. It is apparent from a review of the record that the State did not request a Deadly Weapon finding from the jury in either of these two cases.

In Appellant's prayer for relief, he prays "that the Court remand the case for a new sentencing hearing *on all cases*, or alternatively reform the *judgment* (sic) to reflect the conviction of deadly conduct and omit the finding of a deadly weapon since such finding was not made in the record". Appellee agrees that the trial court's judgments of conviction in 2003-2013 and 2005-2013 should be modified as requested by Appellant to reflect (1) correct judgments of conviction for Deadly Conduct, and (2) delete the deadly weapon finding. In his brief, Appellant correctly recites the fact and record that in each case, pleas of not guilty were entered to the charges of aggravated assault against a public servant, but guilty to deadly conduct. However, Appellant has appealed his convictions additionally in 22,001-2013, 22,002-13, and 22,004-2013. Appellant's brief contains no allegation, argument, or legal authority to justify modification or reversal of those judgments of conviction. This court should affirm those conviction in whole.

## PRAYER

Appellee prays that the judgments in 22,003-2013 and 22,005 be modified and affirmed as corrected. Appellee prays that the judgments in 22,001-2013, 22-002-2013, and 22,004-2013 be affirmed.

8

Respectfully submitted,

Thomas J. Burton    SBN03479500
1843 N.FM 14
Quitman, Texas 75783
Blaw6323@live.com
903-781-2201

Attorney Pro Tem for
The State of Texas

## CERTIFICATE OF SERVICE

This is to certify that on July 29, 2015, a true and correct copy of the above and foregoing Appellee's Brief has been forwarded by U,S. mail to Wm. Brandon Baade, Attorney for Appellant, at 522 N. Broadway, Tyler, Texas 75202.

Thomas J. Burton

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rules of Appellate Procedure 9.4, the undersigned counsel certifies that, exclusive of the exempted portions in Texas Rule of Appellate Procedure 9.4(i)(1), this brief contains 1,500 words (less than 15,000), based upon the word count of the Word program to prepare the document.

Thomas J. Burton